CLARK, Circuit Judge:
Erwin Novak appeals from the district court’s affirmance of a bankruptcy court order sustaining objections by the trustees to class claims and punitive damages claims filed by Novak in these Chapter X proceedings. We affirm, D.C., 6 B.R. 981.
On January 23, 1976, GAC Corporation[1] commenced voluntary proceedings under Chapter XI of the Bankruptcy Act.[2] These proceedings were converted to Chapter X on May 19, 1976. Appellant, Erwin Novak, filed claims on February 26, 1976, and amended claims on July 27, 1976, on behalf of himself and all persons who had purchased debentures from GAC during the period from August 1, 1971, to December 12, 1975. These claims alleged violations of section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Novak’s individual claim was asserted as $40,000, and the total claims of the purported class were asserted to be $30 million, including $10 million in punitive damages.
On November 10, 1977, the bankruptcy judge issued a Claims Bar Order requiring that each creditor file an individual proof of claim and setting a deadline of May 1,1978, for the filing of claims. This order did not apply to claimants who currently held GAC debentures insofar as the amount due on the debentures was concerned.[3] Copies of *1298 the Claims Bar Order were mailed to approximately 280,000 potential claimants. In addition, notice of the Claims Bar Order was given twice by publication in 53 leading newspapers around the world.[4]
On October 19, 1978, the trustees filed objections to the class claim asserted by Novak and moved to strike the punitive damages claim. The bankruptcy judge disallowed both the class claim and the punitive damages claim. Novak appealed to the district court, which affirmed the bankruptcy court. Novak now appeals to this court, raising four issues for our consideration. Novak contends that: (1) the class proof of claim should not have been disallowed; (2) the notice by publication of the Claims Bar Order failed to comply with due process requirements; (3) the claims bar deadline should have been extended; and (4) the punitive damages claim should not have been disallowed.
DISALLOWANCE OF CLASS CLAIMS
Novak’s first contention is that the district court erred by affirming the bankrupt-ey court’s disallowance of his proof of claim filed on behalf of the class of all persons who purchased GAC debentures during the period from August 1, 1971, to December 12, 1975. Novak asserts that a class proof of claim is permitted in a Chapter X proceeding, and argues that the class members were entitled to rely upon the validity of the class claim filed by Novak because it was filed before the Claims Bar Order was entered and because the trustees did not object to the class claim until after the claims bar deadline had passed. We cannot accept Novak’s position on this issue for several reasons.
First, we note that Novak has failed to refer us to even one ease holding that a class proof of claim is allowable in a Chapter X proceeding. Our own review of the cases reveals that the few courts to consider the question have reached the opposite result. See Securities & Exchange Commission v. Aberdeen Securities Co., 480 F.2d 1121, 1128 (3d Cir.), cert. denied, 414 U.S. 1111, 94 S.Ct. 841, 38 L.Ed.2d 738 (1973); In *1299 re Society of the Divine Savior, 15 Fed. Rules Serv.2d 294 (E.D.Wis.1971); In re Woodmoor Corp., 4 B.R. 186 (D.Colo.Bkrtcy.1980). See also In re Cartridge Television, Inc., 535 F.2d 1388 (2d Cir. 1976); 7 Wright & Miller, Federal Practice and Procedure: Civil § 1754, at 546-47 (1972). Moreover, no provision of the Bankruptcy Act or the Bankruptcy Rules specifically authorizes the filing of a class proof of claim. See Wohlmuth, The Class Action and Bankruptcy: Tracking the Evolution of a Legal Principle, 21 U.C.L.A.L.Rev. 577, 591 n.47 (1973).
We need not and do not decide the issue whether a class proof of claim is ever allowable in a Chapter X proceeding, however, for even if we assume arguendo that class claims are allowable, Novak failed to follow any of the procedures required to prosecute a class action. First, Rule 23 of the Federal Rules of Civil Procedure, which governs class actions, does not generally apply to a “contested matter” such as the filing of, or objection to, a proof of claim. See Bankruptcy Rule 723 (FRCP 23 applies in “adversary proceedings”). Bankruptcy Rule 914, however, permits a party to move to make Rule 723 apply in a “contested matter.” Rule 914 further provides that the “court may at any stage in a particular matter direct that one or more of the . .. rules in Part VII [which includes Rule 723] shall apply.” Novak never filed a Rule 914 motion requesting that Rule 723 apply, and the bankruptcy court in its discretion chose not to so direct. Thus, Rule 723 (and thus FRCP 23) was never made applicable to the proceedings involved here, and in the absence of such application a class proof of claim could not properly be permitted.
Furthermore, even if FRCP 23 did apply in these proceedings, Novak failed to comply with the procedural requirements for prosecuting a class action under FRCP 23. First, Novak never obtained the required class certification. See FRCP 23(c)(1). Second, Novak never identified the members of the class nor did he notify the purported class members of his intended representation. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176-79, 94 S.Ct. 2140, 2152-53, 40 L.Ed.2d 732 (1974); Oppenheimer Fund v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); In re Nissan Motor Corp. Antitrust Litigation, 552 F.2d 1088, 1102-03 (5th Cir. 1977). Third, Novak failed to file a written disclosure statement required of persons who seek to represent more than one creditor in Chapter X proceedings. See Bankruptcy Rule 10-211. In fact, the only apparent step that Novak ever took to prosecute the “class claim” was to file his individual proofs of claim, which included a recitation that they were being filed also on behalf of the purported class.
In spite of this complete failure to follow the procedures that would be required to attempt to file a class proof of claim, Novak urges that the bankruptcy court should have exempted his class claim from the terms of the Claims Bar Order, which required that each creditor file an individual proof of claim prior to the deadline of May 1, 1978. We reject this contention, finding that the bankruptcy judge acted within the scope of his authority by requiring individual proofs of claim.
Section 196 of the Bankruptcy Act, formerly codified at 11 U.S.C. § 596, provides that the bankruptcy judge “shall prescribe the manner in which and fix a time within which the proofs of claim of creditors ... may be filed and allowed.” The issuance of the Claims Bar Order requiring individual proofs of claim to be filed by May 1, 1978, was within the judge’s discretion under § 196 of the Act.
Novak contends that the members of the class were entitled to rely upon the validity of the class claim because the trustees did not object to the class claim until after the claims bar deadline had passed, and that the members of the class thus were prejudiced by the rejection of the class claim. This argument seems to assume that the rejection of the class claim did not occur until the bankruptcy judge sustained the trustees’ objection thereto. By issuing the Claims Bar Order requiring individual proofs of claim, however, the bankruptcy *1300 judge implicitly rejected the class claim well before the trustees filed their objection. Furthermore, it is difficult to comprehend how the class members could have relied on Novak’s class proof of claim when they had no notice thereof. In contrast, the class members were put on notice of the requirement of individual proofs of claim by the publication of the Claims Bar Order (assuming that the notice was sufficient, as we determine it to have been in the following section), yet not one of the alleged class members came forward to file a claim. In fact, the record contains no evidence that any member of the purported class has ever come forward to complain of prejudice resulting from the disallowance of the class claim or for any other reason. We must reject Novak’s contention that the bankruptcy judge’s disallowance of the class claim resulted in prejudice to the members of the class or that it was erroneous for any other reason. We hold that the rejection of the class claim was within the discretion accorded the bankruptcy judge under section 196 of the Bankruptcy Act.
ADEQUACY OF NOTICE BY PUBLICATION
Novak contends that the notice by publication of the Claims Bar Order was insufficient and denied members of the class due process. “An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their [claims].” Mullane v. Central Hanover Bank & Trust Co., 389 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The notice in question was published twice in 53 leading newspapers worldwide. Novak contends that notice by publication alone was insufficient, and that the trustees should have been required to ascertain the names and addresses of all persons who had purchased GAC debentures, whether they still held the debentures or not, and that these persons should have been given notice by mail.
We begin our analysis by noting that all persons who held GAC debentures when the Claims Bar Order was issued were notified by mail. Thus, the question here is whether publication alone was sufficient to apprise those persons who had purchased debentures during the period in question, but no longer held them at the time the Claims Bar Order was issued, of the May 1, 1978 deadline for filing individual proofs of claim.
Novak relies upon Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953); In re Harbor Tank Storage Co., 385 F.2d 111 (3d Cir. 1967); and In re Intaco Puerto Rico, Inc., 494 F.2d 94 (1st Cir. 1974), in support of his argument that the “non-holding” debenture purchasers should have received notice by mail. These cases are all inapposite, standing only for the proposition that notice by mail is required where the trustee has actual knowledge of the existence of a claim and the name and address of the claimant is easily ascertainable. In this case, however, the trustees only had actual knowledge of Novak’s claim; possible claims by others who no longer held debentures were merely speculative. Furthermore, the trustees contend that it would have been extremely burdensome and costly to determine the names and addresses of all persons who had purchased but no longer held debentures, and Novak has failed to show facts to the contrary. Under the circumstances of this case, we hold that the publication notice of the Claims Bar Order was reasonably calculated to apprise non-holding debenture purchasers of the necessity to file individual proofs of claim before the May 1, 1978, deadline, and thus the notice complied with the requirements of due process.
EXTENSION OF THE CLAIMS BAR DEADLINE
Novak asserts that the bankruptcy court should have extended the claims bar *1301 deadline with regard to non-holding debenture purchasers because otherwise these members of the class that Novak purports to represent will forever be barred from presenting their claims. Section 119 of the Bankruptcy Act, formerly codified at 11 U.S.C. § 519, provides that “[wjhenever .. . the court is required or permitted to fix a time for any purpose, the court may upon cause shown extend such time.” (Emphasis added.) Thus, the decision whether to extend the claims bar deadline for cause shown was within the sound discretion of the bankruptcy judge.
Novak argues that the bankruptcy judge’s failure to extend the claims bar deadline constituted an abuse of discretion because good cause for such an extension was shown. The asserted cause for extension was that (1) the trustees acted inequitably by waiting until after the deadline had passed to file their objection to the class proof of claim, and (2) the publication notice of the deadline was inadequate. We already have determined (1) that the bankruptcy court’s rejection of the class proof of claim occurred upon the issuance of the Claims Bar Order, not upon the sustaining of the trustee’s objection, and (2) that notice by publication of the Claims Bar Order was adequate. In view of the additional facts that not one member of the purported class filed a proof of claim prior to the claims bar deadline and no showing has been made that any such person wishes to file a claim now, we find no cause whatsoever for an extension of the deadline. We hold that the bankruptcy judge did not abuse his discretion by failing to extend the claims bar deadline.
DISALLOWANCE OF PUNITIVE DAMAGES CLAIM
Novak’s final contention is that the bankruptcy court erred by striking his claim for punitive damages. The bankruptcy court concluded that such claims are not appropriate in the bankruptcy context because the rationale for punitive damages is to punish the wrongdoer, whereas allowing such claims in bankruptcy would have the effect of punishing innocent third parties, i.e., the other creditors. Novak, citing no supporting authority in the bankruptcy or any other context, argues that one purpose of punitive damages is to deter future wrongful conduct and that this purpose would be served by allowing his punitive damages claim. This reasoning is unsound, however, because future wrongful conduct will not be deterred when the punitive damages are paid from the wrongdoer’s estate rather than from his own pocket.[5] We agree with the bankruptcy judge that the effect of allowing a punitive damages claim would be to force innocent creditors to pay for the bankrupt’s wrongdoing. Such a result would be inequitable, and the punitive damages claim was properly stricken.
AFFIRMED.

. The Chapter X proceedings underlying this appeal actually involve three related debtors: GAC Corporation; GAC Properties, Inc.; and GAC Properties Credit, Inc. Novak’s claim was filed against GAC Corporation and GAC Properties, Inc. For the sake of clarity, we hereinafter refer to the debtors collectively as “GAC.”

. This case arose under the old Bankruptcy Act, which has since been repealed and replaced by the Bankruptcy Reform Act of 1978 effective October 1, 1979.

. The Order stated in part:
THIS CASE having come before the Court upon the Application of the Chapter X Co-Trustees for an order fixing claims deadlines with regard to certain classes of claims pertinent to these proceedings; and the Court having considered the aforesaid Application and the record in these proceedings, having heard the parties in interest at a duly-noticed hearing thereon on November 10, 1977, and good cause therefor being shown, it is accordingly
ORDERED, ADJUDGED and DECREED as follows:
1. All claims other than those specifically excluded by this Claims Bar Order, relating to the above-named Debtors and their subsidiaries on the attached listing, shall be filed with this Court in writing substantially in conformity with Official Bankruptcy Form No. 15 on or before IWay 1, 1978. (Claims may be filed at the Office of the Bankruptcy Clerk, Room 808, Ainsley Building, 14 Northeast First Avenue, Miami, Florida; or may be mailed and addressed as follows: Bankruptcy Court, P. O. Box 010230, Miami, Florida 33101.) Any claims required to be filed pursuant to the provisions of this Order, and not filed prior to May 1, 1978, shall be forever barred from participating or sharing in any distribution in these estates.
2. The following claims are excluded from the provisions of this Claims Bar Order and are not required to be filed within the aforesaid deadline:
A. Claims of debentureholders currently holding debentures issued by any of the above-named Debtors, to the extent that such claims are based upon the amount due and owing (including interest) under the terms of said debentures currently held.
3. Except as provided in Paragraph 2 above, the provisions of this Claims Bar Order shall apply to all claims of whatever character against any of the above-named Debtors and their subsidiaries on the attached listing, or their property, whether or not such claims are provable under Section 103 of Title 11 of the United States Code, and whether secured or unsecured, liquidated or unliquidated, fixed or contingent. Such claims subject to this Order shall include, without limitation, any current or past deben-tureholders having claims against any of the above-named Debtors on grounds other than *1298 the debt evidenced by a currently-held debenture instrument, and based upon any actions, conduct, or representations of any of such Debtors occurring prior to January 23, 1976; [emphasis added] all present or past shareholders of GAC Corporation having claims against any of the above-named Debtors on grounds other than a stockholder interest evidenced by a currently-held instrument of stock ownership, and based upon any actions, conduct, or representations of any of such Debtors occurring prior to January 23, 1976; and all present or past lot purchasers having claims against any of the above-named Debtors based upon any actions, conduct, or representations of any such Debtors or predecessor corporations occurring prior to January 23, 1976 and not included within the express and specific language of their particular written Contract and/or Agreement for Deed.
4. The Chapter X Co-Trustees shall cause notice of this Claims Bar Order, in the form and manner hereafter to be prescribed by the Court, to be mailed to all parties in interest specified in Paragraph 5 of this Order on or before February 15, 1978. The Chapter X Co-Trustees shall also cause publication of such notice to be printed in the Wall Street Journal (national edition) and New York Times (national and regional editions) and in newspapers of general circulation in the locations specified in Annex A hereto on or before February 15, 1978. Such notice by publication shall be deemed sufficient notice to bar claims, if not timely filed, by all parties not specifically provided notice by mail pursuant to Paragraph 5 of this Order.
5. Copies of the notice of this Claims Bar Order shall be mailed to all parties listed in the Amended Lists of Creditors and Stockholders filed herein by the Chapter X Co-Trustees; to all parties who have filed proofs of claim in these proceedings; and to all present or deeded lot purchasers in all land sales projects of the Debtor, GAC Properties, Inc., and its subsidiaries, or any predecessor corporations.
6. All dealers in securities holding debentures and/or shares of stock of any of the GAC Debtors in “street name” shall transmit copies of the notices herein provided to the beneficial owners of said debentures and/or shares of stock on or before February 15, 1978, and the Chapter X Co-Trustees are hereby authorized and directed to provide sufficient copies of the notices to such dealers sufficiently in advance of such date to permit mailing of the same on or before February 15, 1978.

. These newspapers included the national editions of the New York Times and the Wall Street Journal.

. This view has case support in several analogous situations. In Lane v. Schilling, 130 Or. 119, 279 P. 267, 65 A.L.R. 1042 (Ore.1929), the court held that a receiver of an insolvent national bank could not be held liable for punitive damages. In addition, numerous cases have held that punitive damages cannot be recovered from the estate of a deceased tortfeasor because the purpose of punitive damages, whether it be punishment or deterrence, would not be served under such circumstances. See, e.g., Barnes v. Smith, 305 F.2d 226 (10th Cir. 1962); Sullivan v. Associated Billposters & Distributors, 6 F.2d 1000 (2d Cir. 1925); Hayes v. Gill, 216 Tenn. 39, 390 S.W.2d 213 (1965). We believe that the rationale underlying these cases is equally applicable in the bankruptcy context. Where the punitive damages claim is asserted against a representative of the wrongdoer, whether it be a receiver, an executor, or, as in this case, a trustee in bankruptcy, the purposes for awarding punitive damages will not be furthered and 'thus the punitive damages claim should not be allowed. See Annot., 65 A.L.R. 1049; 25 C.J.S. Damages § 125.