In re **HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.**

In re **JIM WALTER HOMES, INC., Debtors.**

Bankruptcy Nos. 89–9715–8P1 to 89–9746–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 7, 1991.

---

Don Stichter, Tampa, FL, Michael Crames, New York City, for Debtors.

Kenneth Chance, Augusta, GA, for Movant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE Chapter 11 cases and the matters under consideration are cross Motions for Summary Judgment filed by Jim Walter Homes, Inc. (Debtor) and by Francies Roberts (Roberts). These motions are presented in a contested matter involving the Debtor's Objection to the Claim of Roberts. Following is a brief review of the facts, which are admittedly without dispute and which should be helpful to put the matter under consideration into proper focus.

At the relevant time, Roberts was an employee of a subcontractor of the Debtor and was injured while she was working on a job for the Debtor. Roberts submitted a claim for workers' compensation benefits, which was then processed and honored. Thereafter, she filed suit in the Superior Court of Richmond County, Georgia based on alleged malpractice by the hospital and physicians who treated her injuries. The complaint was voluntarily dismissed, and Roberts then filed another complaint naming the Debtor as a

Defendant. The Debtor was properly served with a copy of the renewed Complaint; however, the Debtor failed to file an answer and a default judgment against the Debtor was entered. According to the Debtor, it did not file an answer because it believed that a third-party administrator hired to service workers' compensation claims would file the necessary response.

Following the entry of a default judgment, the trial court held a hearing on the issue of damages and entered a money judgment against the Debtor in the amount of $1.5 million in actual damages and $500,000 in punitive damages. Thereafter, the Debtor filed a Motion to Vacate and Open the Default Judgment, and a Motion to Set Aside the Money Judgment. Both motions were denied by the trial Court, which entered a supplemental judgment reducing the amount of actual damages to $1 million and affirming the award of punitive damages in the amount of $500,000.

The Georgia Court of Appeals affirmed the default judgment against the Debtor and denied the Debtor's Motion for Rehearing. The Debtor then filed a Petition for Certiorari in the Supreme Court of Georgia, which was also denied.

Roberts timely filed a Proof of Claim in the Debtor's Chapter 11 case asserting an unsecured claim in the amount of $1,500,000, plus interest at 12%, and the Debtor filed the objection to Roberts' claim. Both the Debtor and Roberts filed a Notion for Summary Judgment urging that there are no genuine issues of material fact, and that each is entitled to judgment as a matter of law in its respective favor.

■ A properly-filed claim is deemed allowed unless a party in interest objects to the claim, and the objecting party bears the burden of proof that the claim should be disallowed. 11 U.S.C. § 502(a); Bankruptcy Rule 3007. While the validity of a claim is determined by state substantive law, the issue of whether a claim is allowed is a matter to be determined by the Bankruptcy Court. *In re Shelter Enterprises, Inc.*, 98 B.R. 224, 229 (Bankr.W.D.Pa.1989). If it is determined that a creditor's claim constitutes a valid legal obligation, the Bankruptcy Court must

then determine whether the claim should be allowed. *In re Distrigas Corp.*, 75 B.R. 770, 772 (Bankr.D.Mass.1987).

As noted earlier, Roberts' claim is based on a default judgment against the Debtor in the Georgia State Court. The Debtor admits that it failed to file an answer to Roberts' Complaint, which resulted in the entry of the default. The Debtor also cannot deny that it exhausted all of its state court appellate remedies, some of which it pursued after filing a Petition for Relief in this Court under Chapter 11 of the Bankruptcy Code. However, because the Debtor was not actually heard on the issue of its liability to Roberts, the Debtor requests that this Court, as a Court of equity, sustain its objection to Roberts' claim. The Debtor argues that it is not barred by the doctrine of *res Judicata* from challenging Roberts' judgment because according to the Debtor, it did not have a fair opportunity to defend itself in this matter.

■ Article IV, Section 1 of the United States constitution requires that full faith and credit be given to judicial proceedings of a state by the courts of every other state. U.S. Const. art. VI, § 1. This rule has been extended to federal courts as well as state courts. *In re Holiday Interval, Inc.*, 114 B.R. 177, 179 (Bankr.W.D.Mo.1989), citing, *Mills v. Duryee*, 7 Cranch 481, 485, 3 L.Ed. 411 (1813); *Davis v. Davis*, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938). Thus, this Court is required to give preclusive effect to state court judgments whenever the State Court from which the judgment emerged would do so. *In re Kelleran*, 825 F.2d 692 (2nd Cir. 1987). A Bankruptcy Court should not use its equitable powers to disregard the preclusive effect of a state court default judgment unless the judgment was procured by fraud or collusion, where the state court lacked jurisdiction, or where it is necessary to determine the amount of tax, fine or penalty under § 505(a) of the Bankruptcy Code. *Id.* Clearly, none of these exceptions are applicable in this case.

■ The doctrine of *res judicata* prevents a party from challenging a judgment obtained from a court of competent jurisdiction. *First Alabama v. Parsons Steel, Inc.*,

747 F.2d 1367 (11th Cir.1984). This doctrine serves to bar the relitigation of a claim or a defense, regardless of whether the claim or defense was previously raised, if the party attacking the judgment had a fair opportunity to raise the claim or defense. *Woods Exploration & Producing Company v. Aluminum Company of America,* 438 F.2d 1286, 1312–13 (5th Cir.1971), *cert. denied;* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972). The liability of the Debtor to Roberts was a claim for wrongful denial of workers' compensation benefits. The claim under consideration does not involve a determination of the character of the liability that is whether or not the debt is or is not dischargeable in which instance the Bankruptcy Court may not be required to give binding effect to the State Court's judgment under certain circumstances under. This is so because the determination of a nondischargeable character of liabilities of a debtor based on § 523(a)(2)(4) and (6) of the Bankruptcy Code, are exclusively within the jurisdiction of the Bankruptcy Court. *See* 11 U.S.C. § 523(c), *See also, Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Halpern v. First Georgia Bank,* 810 F.2d 1061 (11th Cir.1987); *Kelleran v. Andrijevic,* 825 F.2d 692 (2nd Cir.1987).

■ In the case at bar, this Court is satisfied that the Debtor did, in fact, had more than a fair opportunity to raise any defenses it may have had against Roberts' claim in Georgia. The Debtor, through its own error, failed to file an Answer to Roberts' complaint, and this error cannot support the Debtor's argument that it had no fair opportunity to file an Answer. This is so especially when one considers the fact that the Debtor took advantage of the entire state court appellate procedure, and ultimately appealed the judgment to the Georgia Supreme Court. Further, some of the Debtor's actions in seeking to overturn Roberts' judgment were initiated after the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. Clearly, the Debtor cannot argue at this stage that it had no fair opportunity to raise defenses against Roberts' claim.

■ While this Court is satisfied that the default judgment obtained by Roberts in the Georgia State Court is entitled to full faith and credit pursuant to 28 U.S.C. § 1738, this Court finds that it is also appropriate to bifurcate Roberts' claim and to consider the claim for actual damages separately from the claim which is based on punitive damages. Where punitive damages would have frustrated the reorganization of a Chapter 11 debtor, they have been disallowed based on the Court's equitable powers. *In re A.H. Robins Co.,* 89 B.R. 555, 562 (Bankr.E.D.Va. 1988). Punitive damages have been disallowed in Chapter 11 cases in some instances to prevent unfairly penalizing innocent creditors. *In re GAC Corp.,* 6 B.R. 981 (Bankr. S.D.Fla.1980), *aff'd* 681 F.2d 1295 (11th Cir. 1982). The 11th Circuit, in the case of *In re GAC Corp.,* 6 B.R. 981 (Bankr.S.D.Fla.1980), *aff'd,* 681 F.2d, 1295 (11th Cir.1982), held that where the punitive damages claim is asserted against a representative of a wrongdoer, rather than the wrongdoer (i.e., a trustee in bankruptcy), the purpose for which punitive damages is imposed will be thwarted and thus, such claims should be disallowed.

■ In the case at hand, to enforce the punitive damages would serve more to punish unsecured creditors than it would to punish the debtor and thus, this Court is satisfied that to the extent Roberts' claim is based on punitive damages, the Debtor's objection should be sustained and the claim should be disallowed. However, to the extent that Roberts' claim is based on compensatory damages, the Debtor's objection to Roberts' claim should be overruled and the claim should be allowed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment is granted in part and the Debtor's objection to the claim of Roberts is sustained to the extent that Roberts' claim is based on punitive damages. The remainder of the Debtor's Motion for Summary Judgment is denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment of Roberts is granted in part to the extent that Roberts' claim is based on compensatory damages. The remainder of Rob-

erts' Motion for Summary Judgment be, and the same is hereby, denied.