█ MAZZARELLA BUILDING Co., INC., Appellant, v LOUP REALTY CORP. et al., Respondents. (Appeal No. 1.)—Order and judgment unanimously affirmed, with costs. Memorandum: Plaintiff appeals from orders which dismissed its complaint and granted a default judgment upon defendants-respondents' counterclaim. Plaintiff-appellant commenced its action on February 24, 1972 in which it sought to foreclose a mechanic's lien in the amount of $5,500 for construction work allegedly performed on premises allegedly owned by defendant Escort Builders, Inc., which is not a party to this appeal. It joined respondents as parties, alleging that they had junior interests in the premises. Respondents timely served an answer, alleging that they had purchased the property from Escort Builders, and they set up a counterclaim for damages under section 39-a of the Lien Law on the grounds that appellant had performed no labor and that the claimed lien was "willfully exaggerated" in its entire amount. The record indicates that from the commencement of the action until June 19, 1974, a period of more than two years, appellant obstructed every reasonable effort by respondents

and the courts to resolve the issues involved. Appellant was informed by Special Term in the first order on May 8, 1973 that its complaint would be dismissed unless it appeared for an examination before trial. Plaintiff not only failed to appear for examination but on various occasions failed to appear on the return dates of scheduled court appearances. Appellant further failed to post a surety bond as directed by Special Term. On another occasion Special Term again gave appellant an opportunity to vacate its default by posting a bond as a condition to vacatur and again appellant defaulted. The record is barren of any showing by appellant that its defaults were excusable. Appellant has had more than ample opportunity to have its day in court and its failure to avail itself of these opportunities merits the dismissal of its complaint. (Appeal from order and judgment of Niagara Supreme Court conditionally granting default judgment in action to foreclose mechanic's lien.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.