OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for a new trial on the issue of damages.
This action was commenced by summons and complaint alleging that defendant had accepted merchandise delivered by plaintiff for which payment was due. The complaint demanded judgment in the amount of $90,161.30, representing the amount allegedly owed for the merchandise. In its answer, defendant contended that certain of the goods had been paid for by check, that other payments were made by applying the cost to defendant of advertising plaintiff’s merchandise in trade publications. as credit against the sum owed, and that a portion of the merchandise had been returned to plaintiff. Thereafter, plaintiff served a set of interrogatories, which defendant failed to answer. As a result, plaintiff moved, pursuant to CPLR 3126 (subd 3), for an order striking defendant’s answer and for entry of judgment in its favor. After obtaining a three-week adjournment of the motion, defendant defaulted, resulting in an order granting the motion. Judgment was entered for the full relief demanded in the complaint. Two months later, defendant obtained an order to show cause seeking an order vacating the default judgment.
Special Term granted defendant’s motion to vacate only as to the amount of the judgment, and ordered a trial *730 “solely on the issue of the amount of damages.” Special Term’s order limited the evidence to be taken at the trial to that establishing the reasonable value of the merchandise delivered to defendant, thus precluding evidence relating to claimed payments and credits. Defendant objected at trial to the restricted scope of admissible evidence, asserting that, if allowed, it would show that it owed plaintiff only $3,678.90. Following the trial, the court reduced the judgment to $62,053.95 based on plaintiff’s concession that it had realized $28,107.55 on resale of returned merchandise. The Appellate Division affirmed, without opinion.
The limitation imposed by Special Term’s vacatur order on the scope of the evidence permitted at the damages trial does not comport with the law previously enunciated by this court concerning the determination of damages following a default (see Reynolds Securities v Underwriters Bank & Trust Co., 44 NY2d 568; McClelland v Climax Hosiery Mills, 252 NY 347). Thus, the Appellate Division erred in affirming the amended judgment which was necessarily affected by the erroneous vacatur order (see CPLR 5501, subd [a], par 1).
Unless the damages sought in an action are for a “sum certain or for a sum which can by computation be made certain” (CPLR 3215, subd [a]), judgment against a defaulting party may be entered only upon application to the court along with notice to the defaulting party and “a full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages” (Reynolds Securities v Underwriters Bank & Trust Co., 44 NY2d, at p 572). The rationale for this rule is the principle that a defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff’s conclusion as to damages (McClelland v Climax Hosiery Mills, 252 NY, at p 351). Accordingly, at a trial to determine the amount of a plaintiff’s real damages, the defendant will not be allowed to introduce evidence tending to defeat the plaintiff’s cause of action. Nor is evidence admissible concerning setoffs arising or existing separate and distinct from the transactions out of which the plaintiff’s cause of action arises. Evidence will be allowed, *731 however, involving circumstances intrinsic to the transactions at issue that, if proven, will be determinative of the plaintiff’s real damages, which cannot be established by the mere fact of the defendant’s default.
In the present case, the evidence that defendant sought to introduce at trial concerning alleged payments made and credit earned through advertisement of the subject merchandise clearly relates to the transactions at the heart of plaintiff’s cause of action, and thus, its preclusion was error. Plaintiff’s argument that defendant should be restrained in its ability to present evidence on the damages issue due to the alleged contumacious nature of its default is unavailing. The existence or degree of “fault” on the part of defendant — against whom liability has been conclusively established and who is precluded from asserting setoffs and counterclaims against plaintiff as a result of his default — is of no relevance to the question of plaintiff’s real damages.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and case remitted to Supreme Court, New York County, for a new trial on the issue of damages in a memorandum.