OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, with costs, by remitting the case to Supreme Court for a new trial on the issue of damages only, and, as so modified, affirmed.
 

 In December 1981 plaintiff, an insurance brokerage firm, commenced an action for an accounting claiming that defendants had not made full payment under the parties’ contingent commission agreement. In their answer, defendants counterclaimed for premiums that plaintiff was obligated to remit to them under a separate general agency agreement. Shortly thereafter, defendants canceled approximately 364 policies issued on their behalf by plaintiff. On February 1, 1982 plaintiff instituted a separate action for tortious interference with its business relations, alleging that the termination of these policies had destroyed its business. The parties terminated their relationship two days later and plaintiff served as general agent for another underwriter, INA, from April 1982 to October 1982. On the later date it went out of business.
 

 After the actions were consolidated, Special Term struck defendants’ answers and counterclaims for willful failure to answer interrogatories and ordered an inquest on damages only. The Appellate Division affirmed this determination and denied defendants’ motion for reargument. The damages inquest was tried before a jury and both parties presented evidence on both the accounting and tortious interference claims. Prior to summations, the court withdrew the accounting claim from the jury and reserved it for the court’s determination. The jury returned a verdict for plaintiff on the tortious interference claim that was later reduced by the court to $1,250,000 and the court awarded plaintiff damages of $156,250 on the accounting claim. Judgment was entered on both claims and the Appellate Division affirmed, without opinion.
 

 We conclude that the trial court erred in unduly restricting defendants’ presentation of evidence in mitigation of damages in the form of a setoff and ignored credits in defendants’ favor in the accounting action. Thus, there should be a reversal and a new trial on the issue of damages.
 

 
 *880
 
 Evidence of plaintiff’s failure to remit over $689,000 in premiums to defendants prior to commission of the tort in February 1982 should have been admitted as evidence of a proper setoff. Although a defaulting defendant admits all traversable allegations in the complaint, including the basic issue of liability, an allegation of damage is not a traversable allegation and, therefore, a defaulting defendant does not admit the plaintiff’s conclusion of damages but may, at an inquest, offer proof in mitigation of damages if it involves "circumstances intrinsic to the transactions at issue” in the plaintiff’s complaint
 
 (Rokina Opt. Co. v Camera King,
 
 63 NY2d 728, 731;
 
 McClelland v Climax Hosiery Mills,
 
 252 NY 347, 351;
 
 see also, Reynolds Sec. v Underwriters Bank & Trust Co.,
 
 44 NY2d 568). Evidence of setoffs or claims "arising or existing separate and distinct from the transactions out of which the plaintiff’s cause of action arises”, however, is inadmissible
 
 (Rokina Opt. Co. v Camera King, supra,
 
 at p 730).
 

 Although the complaint in the accounting action involved only the contingent commission agreement and the claimed setoff arises out of the general agency agreement, we conclude that the setoff arises out of the same basic transactions put in issue by plaintiff’s complaint. Here, the contingent commission agreement was only a part of the entire commission arrangements between the parties, which also included the general agency agreement. More importantly, when plaintiff was entitled to a contingent commission in 1979, defendants, at plaintiff’s request, applied the amount due to plaintiff’s outstanding account with defendants. This provides strong evidence that both parties viewed the separate agreements as merely aspects of an integrated series of transactions. A contrary conclusion would create a distinction not intended in
 
 Rokina,
 
 ignore the practical realities of the parties’ dealings and represent an unwarranted punishment for defendants who have already had the issue of liability removed from the case.
 

 Defendants also contend that the lower courts erroneously concluded that the term "outstanding claims” in the contingent commission agreement did not include losses incurred but not reported (IBNR) and that defendants, therefore, owed plaintiff additional contingent commissions for 1977 and 1978. While the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties’ intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact
 
 (Sutton v
 
 
 *881
 

 East Riv. Sav. Bank,
 
 55 NY2d 550, 554;
 
 Hartford Acc. & Indem. Co. v Wesolowski,
 
 33 NY2d 169, 172). Whether such an ambiguity exists is a question for the court
 
 (see, Sutton v East Riv. Sav. Bank, supra).
 
 In this case, the trial court properly found such an ambiguity and went on to conclude, as an issue of fact that, based on the extrinsic evidence offered at trial, the parties did not intend to include IBNR losses in calculating contingent commissions. This fact finding was affirmed by the Appellate Division and is, therefore, beyond the scope of our review insofar as there is evidence in the record to support it
 
 (see, Humphrey v State of New York,
 
 60 NY2d 742, 743). Due to the dual presence of IBNR losses in both the income and outgo categories of the contingent commission formula, however, the erroneous inclusion of IBNR losses resulted in an overpayment by defendants to plaintiff in contingent commissions in 1979. At the new trial on damages defendants should be allowed to prove the amount of overpayment and claim this amount as a setoff in addition to the setoff for unremitted premiums
 
 (see, Rokina Opt. Co. v Camera King,
 
 63 NY2d 728, 730-731,
 
 supra).
 

 Finally, we note that Special Term committed no error of law in striking defendants’ answers for failure to answer interrogatories.
 

 We have reviewed defendants’ remaining contentions and find that they lack merit.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, etc.