MESKILL, Circuit Judge:
This is an appeal from a judgment entered in the United States District Court for the Western District of New York, Cur-tin, C.J., affirming a judgment entered in the United States Bankruptcy Court, McGuire, J., that disregarded the preclu-sive effect of a state court default judgment fixing the liability of the debtor-appel-lee, Andrijevic, to one of the creditors-ap *694 pellants, Eighteen Mile Corporation, and disallowed the creditors’ claims.
This appeal presents the issue whether the bankruptcy court’s equitable powers permit it to disregard the preclusive effect of a state court default judgment where the judgment was obtained by a creditor without fraud or collusion, but the bankruptcy court finds the creditor’s claims to be “wholly without merit.”
Reversed and remanded.
BACKGROUND
The relevant facts may be summarized briefly. Andrijevic and Kelleran formed Eighteen Mile Corporation for the purpose of buying and developing real estate. Following a deterioration in the relationship between Andrijevic and Kelleran, Andrijevic filed a mechanic’s lien on certain real estate owned by Eighteen Mile. Eighteen Mile timely filed an answer denying Andri-jevic’s claim and counterclaimed for breach of contract and willful exaggeration of a mechanic’s lien. Creditor-appellant Keller-an brought a separate suit against Andri-jevic for unpaid legal fees.
Andrijevic defaulted on the counterclaims by not serving a reply. Subsequently, Andrijevic tried to reopen the default judgment, but was unsuccessful. The New York Supreme Court (Erie County) entered judgment in favor of Eighteen Mile with respect to the counterclaims as to liability and scheduled a damages inquest. Before the damages inquest could take place, An-drijevic commenced the instant bankruptcy proceeding which automatically stayed all state proceedings, including the damages inquest.
Kelleran and Eighteen Mile filed proofs of their claims in the bankruptcy court, with Eighteen Mile seeking to enforce the state court default judgment. The bankruptcy court, however, found that the creditors’ claims were “wholly without merit” and refused to give the state court default judgment binding effect. The bankruptcy court found for Andrijevic as to each of the creditors’ claims and disallowed them. The district court affirmed, finding the creditors’ claims to be “incredible.” J. App. at 144. This appeal followed.
DISCUSSION
“Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so....” Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (citing 28 U.S.C. § 1738 (1982)). Bankruptcy courts fall within Congress’ mandate. See, e.g., In the Matter of Farrell, 27 B.R. 241, 243 (Bkrtey.E.D.N.Y.1982). The bankruptcy court, therefore, was bound to give preclu-sive effect to the default judgment obtained in the state court by Eighteen Mile to the same extent as would a New York court.
In New York, when a party defaults by failure to answer and the court orders an inquest as to damages, the defaulting litigant may not further contest the liability issues. Amusement Business Underwriters v. American International Group, 66 N.Y.2d 878, 498 N.Y.S.2d 760, 762, 489 N.E.2d 729, 731 (1985); Rokina Optical Co. v. Camera King, Inc., 63 N.Y.2d 728, 480 N.Y.S.2d 197, 198-99, 469 N.E.2d 518, 519-20 (1984); Metropolitan Property & Liability Ins. v. Cassidy, 127 Misc.2d 641, 486 N.Y.S.2d 843, 847 (N.Y.Sup.Ct.1985). The bankruptcy court, therefore, was bound to the liability determinations in the state judgment unless an exception existed to prevent operation of the judgment’s preclusive effect. Bankruptcy courts may look beyond a state court default judgment where the judgment was procured by collusion or fraud, Margolis v. Nazareth Fair Grounds & Farmers Market, 249 F.2d 221, 223-25 (2d Cir.1957), or where the rendering court lacked jurisdiction, Heiser v. Woodruff, 327 U.S. 726, 736, 66 S.Ct. 853, 858, 90 L.Ed. 970 (1946). Andrijevic concedes that neither of these exceptions applies here.
Instead, Andrijevic would have us create a third exception. Kelleran and Andrijevic were business partners and, in addition, Kelleran, an attorney, represented *695 Andrijevic on various legal matters unrelated to their business relationship. An-drijevic contends that the previous attorney/client relationship between the parties should somehow- excuse Andrijevic’s default. This contention is untenable. An-drijevic concedes that Kelleran was not acting as his attorney in the state court action, that Andrijevic did not look to Kelleran for assistance therein and that Kelleran did not prevent Andrijevic in any way from timely responding to the counterclaims. We, therefore, reject Andrijevic’s argument that the suggested exception be recognized.
The courts below relied on a somewhat different theory in disregarding the preclusive effect of the state court judgment. Citing broad dictum from Margolis and its progeny discussing the equitable powers of the bankruptcy court, each court summarily determined, without specific factual or legal analysis, that Eighteen Mile’s claims were so outrageous as to warrant independent review of the liability issues decided in the state court. See J. App. at 133 (bankruptcy court’s analysis); J. App. at 141-45 (district court’s analysis).
The lower courts’ application of Margolis to the instant case was error. Margolis and its progeny speak only to the bankruptcy court’s broad equitable power to remedy fraudulent procurement of default judgments. The Margolis line does not alter section 1738’s requirement that bankruptcy courts respect lawfully obtained state court judgments. Andrijevic concedes that the only established exceptions to this rule are not applicable in this case. While the record strongly suggests that the merits of Eighteen Mile’s claims are doubtful, Andri-jevic should have attacked these claims in the state court. Bankruptcy proceedings may not be used to re-litigate issues already resolved in a court of competent jurisdiction. Teachers Ins. & Annuity Ass’n of America v. Butler, 803 F.2d 61, 66 (2d Cir.1986). The courts below erred in refusing to give preclusive effect to the state court judgment.

The Bankruptcy Court’s Damages Findings

Andrijevic contends that even if the courts below erred in disregarding the binding effect of the default judgment, they may be upheld on another ground. The default judgment spoke only to liability; it expressly contemplated a damages inquest that never took place. Andrijevic, therefore, contends that the bankruptcy court’s analysis of the damages issues properly before it, in which the elements of the damages claims were deemed “facially outrageous” and summarily rejected, J. App. at 127, should be affirmed because these findings were not barred by the state proceedings.
While we agree that the state proceedings did not bar litigation of the damages issues, Rokina Optical, 480 N.Y.S.2d at 198-99, 469 N.E.2d at 519-20, we nonetheless remand to the bankruptcy court for a reevaluation of these issues.[1] The bankruptcy court’s analysis of damages was undertaken only after it had disallowed the claims on the merits; the bankruptcy court expressly stated that its analysis of the damages issues was unnecessary in light of its resolution of the liability issues. J. App. at 127. Moreover, the bankruptcy court’s analysis of damages improperly incorporated some of its findings regarding liability, a matter already resolved by the state court default judgment.
The judgment of the district court is reversed.[2] The district court is instructed *696 to remand the matter to the bankruptcy court for a rehearing on damages giving res judicata effect to the liability judgment of the state court.[3]

. Andrijevic claims that Eighteen Mile’s judgment on its claim for willful exaggeration of a mechanic’s lien should not be allowed without a hearing for a determination of the factual question of willfulness. Br. of Appellee at 12-13. Andrijevic, however, was put on notice of this claim in the creditor's answer and counterclaim in the state court proceeding, J. App. at 19-20, but defaulted by failing to respond to it. The issue, therefore, may not be re-litigated. Mazzarella Building Co. v. Loup Realty Corp., 51 A.D.2d 672, 377 N.Y.S.2d 993, 994, leave to appeal dismissed, 39 N.Y. 820, 385 N.Y.S.2d 766, 351 N.E.2d 433 (1976). The damages recoverable under section 39-a of the New York State Lien Law will be determined in the bankruptcy court on remand.

. We need not address the implications of our decision on Andrijevic’s right to appellate review of the default judgment in state court. He filed his bankruptcy petition without seeking *696 review by a New York court, an avenue that he was entitled to pursue. See generally 7B N.Y. Civ.Prac.L. & R. § 5511, Practice Commentaries (McKinney 1978) (default may be challenged by making motion to vacate it and then appealing from order denying the motion). Likewise, An-drijevic failed to move the bankruptcy court to stay its proceedings to permit him to seek such review. Finally, he has not contended that the bankruptcy proceedings in any way denied him his appellate rights.

. Our decision does not disturb the bankruptcy court's disallowance of Kelleran’s claim for legal fees. That claim was brought as a separate action by Kelleran in the state court, was stayed at the discovery stage by institution of the instant bankruptcy proceedings, and is not of the type that would be governed by res judicata in the context of the state court default at issue here.