**In re James E. MUIR and Elaine M. Muir, Debtors.**

**James E. MUIR and Elaine M. Muir, Plaintiffs,**

v.

**LONG ISLAND REALTY FUNDING CORP. and Dupont Funding Corp. Defendants.**

**Bankruptcy No. 889–90927–478. Adv. No. 889–0097.**

United States Bankruptcy Court, E.D. New York, at Westbury.

Aug. 23, 1989.

Glenn L. Stephenson, J.D. Seaford, N.Y., for debtors/plaintiffs.

Philip Irwin Aaron, P.C. by Allan Mendelson, Syosset, N.Y., for defendant.

## MEMORANDUM DECISION AND ORDER ON MOTION TO DISMISS A COMPLAINT

DOROTHY EISENBERG, Bankruptcy Judge.

### FACTS

On June 8, 1989, James and Elaine Muir filed a petition for relief under chapter 7 of the Bankruptcy Code. A foreclosure sale on the Debtors' real property, the Debtor's residence, had been scheduled for June 8, 1989, which was automatically stayed by the filing of the Debtors' Chapter 7 petition. On June 20, 1989, Long Island Funding Corp. and Dupont Funding Corp. (hereinafter "Funding Corp."), as assignee of American Universal Mortgage Banking, Inc., the original lender, brought before this Court a motion for relief from the automatic stay. Both corporations are the holders of a first mortgage on Debtors principal residence and had previously obtained a default judgment of foreclosure and sale in the New York State Supreme Court, Nassau County.

Debtors opposed the motion to vacate the stay claiming, *inter alia*, that the State Court default judgment of foreclosure was void because the mortgage and note were usurious under § 5–501 of the General Obligations Law of New York State and that personal service upon one of the Debtors was faulty in that State Court proceeding. After a hearing on June 20, 1989, this Court granted Funding Corp. relief from the automatic stay upon the condition that the property not be sold prior to September 1, 1989 so as to give the debtor an opportunity to reopen the default judgment and to raise the issue of usury in the State Courts.

Shortly thereafter, the Debtors did proceed by order to show cause in State Court in an attempt to have the default judgment reopened, based upon the claim that the underlying mortgage was usurious and therefore void. The State Court has granted the Debtors a temporary restraining order in regard to any sale of the real property pending the outcome of the Debtors' proceeding in State Court and has scheduled hearings in regard to the Debtors' challenge to the judgment in foreclosure.

At or about the same time that the Debtors filed their opposition papers to Funding Corp.'s motion for relief from the automatic stay in this Court, the Debtors also instituted this current adversary proceeding against Funding Corp. requesting this Court to determine the validity of the mortgage and judgment lien held by Funding Corp. on the Debtors' real property.

The Debtors assert in their complaint that they are the owners of real property, their primary residence. That they borrowed money from American Universal Mortgage Banking, Inc. and executed a note and mortgage on their real property based upon a usurious transaction, thereby rendering the note and mortgage void. They further claimed that the New York Supreme Court, Nassau County default judgment did not grant that Court personal jurisdiction over one of the Debtors (Elaine Muir) since service of the foreclosure action was defective upon her, although there was no denial of adequate service on James E. Muir, her spouse. The Debtors are basically asking this Court to consider the merits of their usury claim, despite the existence of the State Court judgment of foreclosure claiming that this Court has jurisdiction over the foreclosure action under Title 11 upon the filing of the Chapter 7 petition.

Prior to serving its answer to this adversary proceeding, Funding Corp. brought before this Court a motion pursuant to Bankruptcy Rules 7012 and 7056 seeking an order dismissing the Debtors' adversary proceeding, or, in the alternative, an Order of abstention pursuant to 28 U.S.C. § 1334(c). In support of its motion Fund-

ing Corp. makes numerous claims including: that this Court lacks jurisdiction; the complaint fails to state whether the cause of action is core or non-core; the cause of action vests in the Chapter 7 Trustee and the Debtors lack standing to maintain the complaint; that the lending is exempt from the New York State usury laws based upon the Federal Statutes that apply to Funding Corp.; that this Court must give full faith and credit to the State Court judgment and lacks jurisdiction to vacate said judgment and should abstain under comity for the laws of the state in regard to the real property foreclosure action pursuant to 28 U.S.C. § 1334(c).

At oral argument, counsel to Funding Corp. further indicated that since the Debtors have brought a proceeding in the State Court requesting a reopening of the default judgment and a determination that the default judgment was based upon a usurious transaction and that the debt was to be deemed void, the very same issues were now pending in the State Court and this Court should not proceed with the adversary proceeding since it is based upon the very same underlying substantive material, and that the adversary proceeding may have been brought prematurely under the circumstances as developed.

## ISSUE

The issue before this Court is whether this Court should dismiss the Debtors' adversary proceeding based on Funding Corp.'s motion to dismiss and all of the underlying facts and circumstances in this case.

Although defendant's counsel asserts many reasons why this Court should dismiss plaintiffs adversary proceeding, this Court finds it unnecessary to address all assertions and will consider only those that are essential to its decision.

## JURISDICTION

Defendant's counsel argues that this Court is without a statutory basis of jurisdiction to hear the present adversary proceeding. The Court is of the opinion that counsel's argument is misplaced. Pur-

suant to 28 U.S.C. § 157(a), the District Courts are permitted to refer all cases under Title 11 to the Bankruptcy Judges for the District. Bankruptcy Judges are given the power to hear and determine all cases under Title 11 and all core proceedings under Title 11. The determination of whether a particular action is "core" or "non-core" is for the Bankruptcy Judge. 28 U.S.C. § 157(b)(3). Section 157(b)(2) contains a nonexclusive list of what is included as a core proceeding. The plaintiffs herein are requesting this Court to determine the validity of the lien held by Funding Corp. on their real property. An action to determine the validity extent or priority of a lien is explicitly listed as a core proceeding in 28 U.S.C. § 157(b)(2)(K), and as a result the plaintiffs action is a core proceeding. Although Bankruptcy Rule 7008 requires every complaint to set forth whether it is a core proceeding or not and the plaintiffs complaint does not explicitly provide that the proceeding is a core proceeding, this Court has nonetheless made the determination that the plaintiffs complaint is a core proceeding. Contrary to counsel's argument, the instant action by the Debtor is exactly that, an action to determine the validity of the lien on Debtor's residence held by Funding Corp. Accordingly, this Court is empowered to enter all appropriate judgments, subject of course, to Appellate Review by the District Court. 28 U.S.C. § 157(b).

## FULL FAITH AND CREDIT

The defendants' counsel in his moving papers and at oral argument, argues that the prior State Court default judgment foreclosing on the very same mortgage and note involved in the instant case is entitled to full faith and credit by the Bankruptcy Court pursuant to 28 U.S.C. § 1738. The basic premise of defendant's argument is that the New York State default judgment of foreclosure now stands for the validity of the mortgage and note and therefore the Bankruptcy Court is required to give that default judgment the same preclusive effect that it would be given in the Courts of New York state. The Court finds this ar-

gument of the defendant most persuasive as representing the controlling law in this circuit.

The full faith and credit mandate is found in 28 U.S.C. § 1738 and provides in pertinent part:

The records and judicial proceedings of any court ... of any state ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of that state.

"Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so ..." *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)). Bankruptcy Courts fall within Congress' mandate. *In re Farrell*, 27 B.R. 241, 243 (Bankr.E.D.N.Y.1982).

■ The full faith and credit mandate is not altered by the fact that the prior State Court judgment is a default judgment. In *Kelleran v. Andrijevic*, 825 F.2d 692 (2d Cir.1987), the Second Circuit Court of Appeals held that the Bankruptcy Court was required to give preclusive effect to a New York State Court default judgment to the same extent as would a New York Court.

The *Kelleran* case involved a dispute between two partners who formed a corporation for the purpose of buying and developing real estate. One partner filed a mechanics lien on property owned by the corporation. The corporation filed an answer denying Plaintiffs' claim and a counterclaim for breach of contract. The partner never served a reply to the counterclaim and a default judgment was entered against him. The partner's attempts to reopen the default judgment were unsuccessful. The partner subsequently filed bankruptcy and the corporation filed a proof of claim, which in effect was the enforcement of its State Court default judgment.

The Bankruptcy Court refused to give the State Court default judgment binding effect and disallowed that claim because it took the view that the claims were "wholly without merit". The District Court affirmed finding the creditors' claims to be "incredible." The Court of Appeals reversed both lower courts and held that, "a Bankruptcy Court is bound to give preclusive effect to a New York State Court default judgment to the same extent as would a New York Court," and that lower courts were wrong in considering the merits of the creditor's claims. The Court recognized that the creditors claims were in fact doubtful and nonetheless still refused to consider the merits of the claims stating "that Bankruptcy proceedings may not be used to re-litigate issues already resolved in a court of competent jurisdiction." *Id.* at 695 (citing *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 66 (2d Cir.1986)).

Similarly, subsequent to the Second Circuit decision in *Kelleran*, in *In re Lady Liberty Tavern Corp.*, 94 B.R. 812 (Bankr.S.D.N.Y.1988), the District Court reversed the Bankruptcy Court, on the authority of *Kelleran*, for disregarding the preclusive effect of a State Court judgment. In that case, the Bankruptcy Court refused to give preclusive effect to a State Court judgment of possession which had terminated a lease and awarded possession of the premises to the landlord. The Bankruptcy Court declined to hold that the lease had been terminated and ordered the debtor to make rental payments under the lease. The District Court reversed, after concluding that the Bankruptcy Court fell into the same error identified in the *Kelleran* case by failing to give the State Court judgment preclusive effect. *Id.* at 815. It further chastised the Bankruptcy Court for pursuing the inquiry into the facts of a case that has been previously heard and decided by the State Court.

Chief Judge Brieant of the Southern District of New York had reached a similar conclusion in *In re Cohoes Industrial Terminal, Inc.*, 70 B.R. 214, 218 (S.D.N.Y.1987), holding that a State Court default judgment terminating the Debtor's leasehold interest in an apartment complex had preclusive effect in the Bankruptcy Court.

The Court of Appeals in *Kelleran, supra,* indicated that a Bankruptcy Court could look beyond a State Court default judgment only where the judgment was procured by collusion or fraud (citations omitted), or where the rendering court lacked jurisdiction over the subject matter (citations omitted). None of these exceptions appear to be applicable to the case at bar and neither of the parties has asserted them.

■ Accordingly, it is clear that this Court is required to give a State Court default judgment the same preclusive effect that the courts of New York State would and is consequently without the authority to consider the merits of plaintiff's usury claim. As the Court suggested in the *Kelleran* case, whatever the merits of the usury claim may be, this matter should be raised in the State Court, which is where the issue should have been raised initially.

## ABSTENTION

■ Defendant's counsel argues that mandatory abstention is applicable to the case at bar. One of the key requirements for mandatory abstention is that the proceeding must relate to a case under Title 11, and not be one arising in or arising under Title 11. Mandatory abstention does not apply to core proceedings. *Kolinsky v. Russ,* 100 B.R. 695 (Bankr.S.D.N.Y.1989); *In re Texaco, Inc.,* 77 B.R. 433, 439 (Bankr. S.D.N.Y.1987); *In re Springer-Penguin, Inc.,* 74 B.R. 879 (Bankr.S.D.N.Y.1987). As stated above, this Court has found that Plaintiff's proceeding is a core proceeding and as a result, mandatory abstention is inapplicable.

■ The Court, however, does agree with Defendant's alternative argument that discretionary abstention is appropriate. The provisions for discretionary abstention can be found in 28 U.S.C. § 1334(c)(1) and provide:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

In general terms, discretionary abstention involves the Bankruptcy Court conceding its jurisdiction to a State Court. In making this decision the primary concern of the Bankruptcy Judge should be whether the federal bankruptcy objectives would be properly served if the Bankruptcy Court conceded its jurisdiction. *In re Texaco,* 77 B.R. 433, 438 (Bankr.S.D.N.Y.1987). In considering discretionary abstention a Bankruptcy Judge must consider the following factors.

1. Interest of justice.
2. The interest of comity with state court.
3. Respect for state law.

■ In considering all of the above factors, it is clear that in the interest of justice and in the interest of comity with State Courts this Court should abstain from making the decision as to the validity of the State Court default judgment. The determination of the issue raised by the Debtors involves interpretations of state law in which the Bankruptcy Court does not possess any special expertise and there is no diversity jurisdiction between the parties. The argument in favor of abstention is made stronger in light of the fact that the identical issue is currently pending before the State Court and the issues will be timely adjudicated in that Court.

## CONCLUSION

This Court believes that the forum best suited for making the determination as to the validity of the default judgment of foreclosure is in fact the Courts of New York State. The Plaintiffs have already begun pursuing their remedies in the State Courts and will in no way be prejudiced by this Court's abstention. In the event that the State Court does vacate the default judgment and addresses the usury issue, then Plaintiffs will have their opportunity to have their usury defense heard and decided in that reopened State Court foreclosure action. Should the State Court deny Plaintiffs' request to vacate the default judgment, then, as stated above, this

Court has no other option other than to give that default judgment of foreclosure preclusive effect.

Based upon all of the above, Funding Corp.'s motion to dismiss this adversary proceeding is granted.

It is so ordered.