**In re HOLIDAY INTERVAL, INC., Debtor.**

**Bankruptcy No. 87–00668–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Oct. 2, 1989.

John C. Curran, Osage Beach, Mo., for claimants.

C. Christy Barton, Jefferson City, Mo., for trustee.

Jack E. Brown, trustee, Columbia, Mo.

D. James Mariea, Fulton, Mo., for Holiday Shores Property Owners Ass'n.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

The Trustee herein alleges that certain state court default judgments obtained by three claimants against the debtor are preferential transfers within 11 U.S.C. Section 547(b) and, therefore, subject to the avoiding powers of the Trustee. The Trustee further asserts that preclusive effect should not be given to these state judgments regarding the validity of the claims underlying the default judgments. The claimants challenge the position that their state court judgments should not be given preclusive effect. At issue is whether this Court is bound to give full faith and credit to these prior state court default judgments against the debtor in favor of parties

who are now claimants in the debtor's estate.

## STATEMENT OF FACTS

Holiday Shores Property Owner's Association commenced the present involuntary Chapter 7 bankruptcy proceeding against Holiday Interval, Inc. on February 17, 1987. In its petition, Holiday Shores alleged the following in support of its assertion that Holiday Interval (hereinafter referred to as "Debtor") was generally not paying its debts as they came due: (1) debtor failed to pay Holiday Shores a sum of approximately $53,000.00 for breach of a contract, the amount paid to the debtor for maintenance services which the debtor never performed; (2) debtor failed to satisfy a judgment owed to G.J. Harms and Associates, Inc.; and (3) debtor had not paid a judgment owed to Dam Red–E–Mix, Inc.

Pursuant to various orders of this Court, creditors Dam Red–E–Mix, G.J. Harms and Associates, Inc. and Kenneth Steele Construction Company (hereinafter "claimants") filed a series of claims against the debtor's estate.[1] These claims are based on default judgments entered against the debtor and others on December 9, 1986, by the Circuit Court of Camden County, State of Missouri.[2] The motions were granted based on "Motions for Sanctions" filed by the plaintiffs in each case.

The trustee alleges that the state court default judgments obtained by the three claimants were transfers within the scope of Section 547(b) of Title 11, United States Code, and are thus subject to the avoiding powers of the Trustee. That being the case, the Trustee further asserts that preclusive effect should not be given to the state judgments regarding the validity of

---

**1.** Though Dam Red–E–Mix is now known as "Lake Ozark Construction Industries", any reference herein to it will specifically use its former name.

**2.** Creditor's claims in the state herein are based on the following state court default judgments: *Kenneth Steele Construction, Inc. v. Comp–Tech Companies, Inc., et al.,* CV186–83CC; *Dam Red–E–Mix, Inc., v. Comp–Tech Companies, Inc., et*

*al.,* CV186–256–CC; *Dam Red–E–Mix Inc. v. Comp–Tech Companies, Inc., et al.,* CV186–254CC; *Kenneth Steele Construction v. Comp–Tech Companies, Inc. et al.,* CV186–83CC; *Dam Red–E–Mix, Inc. v. Comp–Tech Companies, Inc., et al.,* CV186–256CC; *G.J. Harms and Associates, Inc. v. Lake Club Cafe, et al.,* CV186–466CC; *G.J. Harms and Associates, Inc. v. Holiday Interval, Inc., et al.,* CV186–439CC; in the Circuit Court, Camden County, Missouri.

the claims underlying the default judgments.

The claimants reject this reasoning. While conceding the Trustee's power to set aside the judgment liens if all the requisites of Section 547 are met, the claimants challenge the position that the state court judgments should not be given preclusive effect. Invalidation of the judgments, claimants add, would unfairly force individual creditors of the debtor to relitigate the issues that have already been decided by the Missouri State Courts.

This Court is not here deciding whether the judgments in question fall within the scope of the Trustee's avoiding powers. The sole issue determined here is whether this Court is bound to give full faith and credit to the prior state court default judgments against the debtor in favor of parties who are now claimants in the debtor's estate. This specific issue is one of first impression in the Western District of Missouri, however, a review of the law indicates that a federal bankruptcy court must give preclusive effect to state court judgments to the extent that the rendering state would do so.

## OVERVIEW

The practice of one court affording preclusive effect to valid judgments of another court is historically well established. The origins of "giving full faith and credit" can be traced to English common law, where the expression generally related to the effect which decisions of the ecclesiastical courts were entitled to in the common law courts. See, *Bunting v. Lepingwell*, 4 Co. Rep. 29a, 75 Eng.Rep. 950 at 952 (1585) (first published in 1658), quoted by Kent, J. in *Vandenheuval v. The United Insurance Company*, 2 Johns Cas. (N.Y.) 127 at 141–143 (1801). To facilitate harmony and cooperation between the colonies, our na-

tion's founding fathers incorporated the concept into the Articles of Confederation, 19 Journals of the Continental Congress, Ford ed., 214, 215 (1912). As ratified by the Continental Convention, our Constitution included a "full faith and credit" clause, Article IV, Section 1, United States Constitution.[3]

Article IV, Section 1 mandates that judicial proceedings in each State of the Union shall be given full faith and credit in the courts of every other state.[4] The Act of May 26, 1790, 1 Stat. 122 extended the rule of the Constitution to all courts, federal as well as state. *Mills v. Duryee*, 7 Cranch 481, 485, 3 L.Ed. 411; *Davis v. Davis*, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938). The circumstances wherein the federal courts must afford state court judgments full faith and credit is currently codified in 28 U.S.C. Section 1738 which reads in part as follows:

> The records and judicial proceedings of any court of any such State, Territory or possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and the seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, *shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such States, Territory or Possession from which they are taken.* (emphasis added).

Thus, in addition to being afforded full faith and credit by their sister states under Article IV, state court judgments are also entitled to preclusive effect by federal

See, Farrad, Record of the Federal Convention 176 (Journal), 177 et. seq. (Madison) (1911), and Nadelmann, Full Faith and Credit To Judgments and Public Acts, A Historical–Analytical Reappraisal, 56 Mich.L.Rev. 33 (1957).

**4.** "Full Faith and Credit" shall be given in each state to the public Acts, Records, and Judicial Proceedings of every other state. And the Congress may by general laws prescribe the manner in which such Acts, Records and Proceedings shall be proved, and the effect thereof.

courts under Section 1738.[5]

## APPLICATION OF LAW

By virtue of Section 1738, Congress has specifically required all federal courts to give preclusive effect to a state court judgment whenever the courts of the State from which the judgment emerged would do so. As part of the federal court system, the mandate of 1738 applies to bankruptcy courts. *Kelleran v. Andrijevic*, 825 F.2d 692 (2d Cir.1987); *Bowers v. Connecticut National Bank*, 78 B.R. 388 (D.Conn.1987); *In re Farrell*, 27 B.R. 241, 243 (Bankr.E.D. N.Y.1982).

In resolving whether a state court judgment is entitled to full faith and credit, Section 1738 commands the federal court to ask whether the rendering state would afford the judgment full faith and credit. *Kremer v. Chemical Construction Corporation*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (Section 1738 mandates that state court proceedings shall have the same full faith and credit in federal court as they have in state court); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (in federal court, collateral estoppel effect may be given to a state court judgment under the Civil Rights Act of 1871).

*Kelleran v. Andrijevic*, 825 F.2d 692 (2nd Cir.1987) illustrates the application of these principles to facts similar to those in the controversy before this Court. In *Kelleran*, the issue before the Second Circuit was whether a bankruptcy court's equitable powers permit it to disregard the preclusive effect of a state court default judgment.

In *Kelleran*, Slavko Andrijevic and C. Russell Kelleran formed a corporation for the purpose of buying and developing real estate. After their relationship deteriorated, Andrijevic filed a mechanic's lien on certain property owned by the corporation. The corporation filed a timely answer denying the claim and counterclaimed for breach of contract and willful exaggeration of a mechanic's lien. Kelleran brought a separate suit against Andrijevic for unpaid legal fees.

Andrijevic defaulted on the counterclaim by not serving a reply. He tried to subsequently reopen the default judgment, but was unsuccessful. The court entered a judgment in favor of the corporation with respect to the counterclaims as to liability and scheduled a hearing on damages. Before the hearing could take place, Andrijevic filed for bankruptcy, which automatically stayed all state proceedings, including the damages inquest.

The corporation and Kelleran filed proofs of claim with the bankruptcy court. The corporation sought to enforce the state court judgment. The bankruptcy court found the claims totally "without merit" and refused to give the state court default judgment binding effect. The district court affirmed, finding the creditors' claims to be "incredible".

Based on Section 1738 and New York law, the Second Circuit, in a 2–1 decision, reversed. First, the court noted that Congress, in Section 1738, has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so. *Kelleran, supra*, 825 F.2d at 694, citing *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (parallel citations omitted). Turning then to New York law, the Second Circuit held that the time to contest the default judgment had passed:

> In New York, when a party defaults by failure to answer and the court orders an inquest as to damages, the defaulting litigant may not further contest the liability issues. *Amusement Business Underwriters v. American International Group*, 66 N.Y.2d 878, 498 N.Y.S.2d 760, 762, 489 N.E.2d 729, 731 (1985), *Rokina Optical Co. v. Camera King, Inc.*, 63 N.Y.2d 728, 480 N.Y.S.2d 197, 198–99, 469 N.E.2d 518, 519–20 (1984), *Metropolitan Property and Liability Insurance v. Cassidy*, 127 Misc.2d 641, 486 N.Y.S.2d 843, 847 (N.Y.Sup.Ct.1985).

---

**5.** The Act of May 26, 1790 was amended by R.S. Section 905, 28 U.S.C. Section 687. Section 687 was revised by the Act of June 25, 1948, 62 Stat. 947 (1948) which created Section 1738.

*Kelleran,* supra, 825 F.2d at 694. The majority noted that the bankruptcy court was thus bound to the liability determination of the state court unless an exception existed to prevent operation of the judgment's preclusive effect. Four exceptions exist which allow a bankruptcy court to look beyond a state court judgment: (1) where the judgment was procured by fraud or collusion, *Margolis v. Nazareth Fair Grounds and Farmers Market,* 249 F.2d 221, 223–24 (2d Cir.1957); (2) where it is necessary to determine whether the state judgment involved fraud and was thus nondischargeable, *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); (3) where the rendering court lacked jurisdiction, *Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946); and (4) where it is necessary for the court to determine the amount of a tax, fine or penalty under 11 U.S.C. Section 505, *In re Buchert,* 69 B.R. 816 (Bankr.N.D.Ill.1987). In *Kelleran,* the Second Circuit did not find any of these exceptions applicable. Consequently, the state court judgment was afforded full faith and credit, and preclusive effect was given to the state court judgment.

The above discussion illustrates the mandate this Court is bound to follow: in determining whether Section 1738 requires preclusive effect to be given a state court default judgment, we are required to determine whether the judgment is a lawfully obtained Missouri Court judgment. If the Missouri Courts would give the judgment preclusive effect, then we are obligated to do so as well.

### A. *Missouri Law*

In Missouri, the procedure for entry of default judgments is set forth in V.A.M.R. 74.05. Section (a) of the rule explains that an interlocutory default may be entered against a party from whom a judgment for affirmative relief is sought if the party fails to plead or defend. The next paragraph, section (b), adds that after entry of an interlocutory order of default, a default judgment may be entered and damages and relief may be assessed and awarded.

This Court interprets Rule 74.05 to mean that if the party in default did not motion to have the judgment vacated within one year,[6] and thereafter have the judgment vacated, the judgment is final under Missouri law.[7]

In his memorandum in support of creditor's claims, counsel for claimants notes that both the Holiday Shores Property Owner's Association and the Attorney General for the State of Missouri attempted to set aside the state court default judgments. These efforts were unsuccessful. Attached to each claim challenged herein is a copy of the state court default judgment upon which the claim is founded. Having

---

**6.** Section (c) describes when a default judgment may be set aside:

> Upon motion stating facts constituting meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made with a reasonable time not to exceed one year after entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney fees and expenses incurred as a result of the default by the party who requested the default.

**7.** Rule 74.05 was adopted May 22, 1987 and went into effect January 1, 1988. At the time the default judgments in question herein were entered against the debtor, Missouri procedure governing review of final state court default judgment was codified in V.A.M.R. sections 74.12 and 74.13. Rule 74.12 allowed the party in default to appeal for good cause provided the petition was brought within one year after serving the defendant with notice of the appeal. Section 74.14 added that if a petition for review is not filed within three years after the final default judgment was entered, the default judgment was absolute.

Former Rule 74, entitled "Judgments, Orders and Proceedings Thereon", which consisted of subdivisions 74.01 to 74.79, was repealed on January 1, 1988. Review of the record before this Court shows that the judgments entered against the debtor are final judgments under Missouri law under application of either the old or new Missouri default judgment procedures. No evidence to the contrary has been presented to this Court. These judgments, being final in nature, are therefore not subject to collateral attack in this forum and are entitled to the full range of credit which would be afforded them under the laws of the State of Missouri.

been authenticated as based on valid state court judgments, these final judgments are entitled to full faith and credit before this Court. The Trustee has not offered evidence that the default judgments entered against the debtor are anything other than final state court judgments. The Trustee has not presented any statement of facts or arguments of law in support of the argument that the state court judgments should not be given preclusive effect.

Absent any facts in the record to show that the default judgments entered against the debtor were vacated in the manner required by Missouri law, this Court finds that the default judgments entered on behalf of the claimants constitute final state court judgments entitled to full faith and credit pursuant to 28 U.S.C. Section 1738.

While this Court adheres to the principle that it is required to give full faith and credit to claimant's state court default judgments under the analysis above, it should be noted that the Supreme Court has expressly stated that federal courts are also required to give final state court judgments preclusive effect under the doctrine of res judicata. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). See also, *Insurance Co. of North America v. Bay*, 784 F.2d 869 (8th Cir. 1986). (Holding state court default judgment is not subject to collateral attack in federal court). Applying the doctrines of res judicata and collateral estoppel to state court judgments tempers the federal government's relationship with the states by promoting harmony between them.[8] This comity of sovereigns has been recognized as a bulwark of the federal system. *Allen v. McCurry*, supra, 449 U.S. at 96, 101 S.Ct. at 415, citing *Younger v. Harris*, 401 U.S. 37, 43–45, 91 S.Ct. 746, 750–51, 27 L.Ed.2d 669 (1971). The Supreme Court has required application of res judicata in this manner via the direction of Section 1738. *American Surety Co. v. Baldwin*, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932) (Constitution and Act of 1790, now Section 1738, mandates res judicata effect be given by federal courts to state court judgments). It is probable that preclusive effect would be given to the judgments here in question under a res judicata analysis. However, this Court need not engage in such an analysis due to our conclusion that it is proper to afford the judgments in question full faith and credit as final state court default judgments pursuant to the applicable Missouri procedural rules discussed above.

## CONCLUSION

Generally, a federal bankruptcy court must afford full faith and credit to a valid state court judgment to the extent that the rendering state would do so. Under Missouri law, the default judgments entered against the debtor on behalf of the claimants herein are valid, final judgments insofar as the debtor failed to have them vacated through the Missouri statutory framework. Thus, the claims of Dam Red–E–Mix, Inc., G.J. Harms, Inc. and Kenneth Steele Construction, Inc. based on these judgments are final determinations regarding the debtor's liability for these claims and the amounts of such liability. The Court again cautions that any issue as to any potential liens created thereby is not addressed herein. The only issue reached herein is that the objections of the Trustee to the claims are DENIED and said claims are ALLOWED as unsecured claims in the estate.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.

---

**8.** This relationship between the national government and each of the separate state governments, commonly referred to as "Our Federalism", is perhaps best explained by Justice Black:

> What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the states.

*Younger v. Harris*, 401 U.S. at 44, 91 S.Ct. at 750.