**In re Mercedes BOCKER.**

**No. CV 90–2703.**

United States District Court,
E.D. New York.

Jan. 23, 1991.

Pinks, Brooks, Stern & Arbeit by Amy Boyle, Hauppauge, N.Y., for plaintiff.

Macco, Hackeling & Stern by Michael J. Macco, Huntington, N.Y., for defendant.

### ORDER

WEXLER, District Judge.

In the above-referenced action, Mercedes Bocker ("appellant") appeals, pursuant to 28 U.S.C. § 158(a), from an order of the Honorable Cecelia H. Goetz, United States Bankruptcy Judge, which granted summary judgment and dismissed appellant's adversary proceeding. After a brief recitation of the background facts, the Court will address the parties' positions on appeal.

### BACKGROUND

According to the record on appeal, in March of 1988 appellant borrowed $20,000 from Gary Singer, ("appellee" or "Singer"). In connection with the loan, appellant executed a bond in the sum of $20,000 to be made payable in twelve monthly installments of $2,166.00. As security for the loan, appellant executed a mortgage in favor of Singer. According to appellant, if all the payments were made the sum of $26,000 would have been paid to Singer, representing an interest rate of 30% per annum. Such an interest rate, according to appellant, is violative of New York law, and the resulting usury voids the bond as a matter of law. *See* N.Y.Gen.Oblig.Law §§ 5–501, 5–511 (McKinney 1989).

In August of 1988, Singer commenced a foreclosure action against appellant based on the bond and mortgage. Although it appears that Singer incorrectly alleged in the verified complaint that the interest rate was 16%, appellant did not appear to answer in the foreclosure action. Consequently, in January 1989, a judgment of foreclosure and sale was entered on default. Appellant asserts that had Singer set forth the actual interest rate in the complaint of the foreclosure action, the judgment of foreclosure would not have been granted in that it was procured by fraud.

On March 30, 1989, appellant filed a petition pursuant to Chapter 13 of the Bankruptcy Code. Within that bankruptcy action, Singer filed a claim in the sum of $24,498.83, and appellant thereafter commenced an adversary proceeding in which appellant objected to the claim on the ground that it was unenforceable under New York law. United States Bankruptcy Judge Cecelia H. Goetz subsequently granted Singer's motion to dismiss on the ground that the state court judgment was

binding on the Bankruptcy Court. In her decision, Judge Goetz noted her view that the defense of usury was necessarily available to appellant in the state court action, and that the validity of the note and mortgage were res judicata based on the state court default.

## DISCUSSION

On a bankruptcy appeal, the District Court may, *inter alia,* affirm, modify or reverse a Bankruptcy Judge's judgment or order. *See* Bankruptcy Rule 8013 (1990). Findings of fact are not to be set aside unless clearly erroneous, *id.,* and as to conclusions of law, the District Court must make independent determinations of the applicable law. *Musso v. Tesmetges,* 47 B.R. 385, 388 (E.D.N.Y.1984) (citations omitted). In view of the appeal at bar, and since the underlying facts of the case at bar are essentially uncontroverted, the Court looks to make its determinations on the applicable law.[1]

Generally speaking, a bankruptcy court is bound to give preclusive effect to state court judgments to the same extent that the courts of the state would do so. *Kelleran v. Adrijevic,* 825 F.2d 692, 694 (2d Cir.1987), *cert. denied,* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988). In *Margolis v. Nazareth Fair Grounds & Farmers Market,* 249 F.2d 221 (2d Cir. 1957), a case involving application of a state court default judgment in a bankruptcy proceeding, the Second Circuit held that a "bankruptcy court may inquire into the validity of any claim asserted against the bankrupt and may disallow it if it is found to be without lawful existence...." *Id.* at 223 (citation omitted). However, the Second Circuit clarified the scope of that holding when it ruled that *"Margolis* and its progeny speak only to the bankruptcy court's broad equitable power to remedy fraudulent *procurement* of state court judgments." *Kelleran,* 825 F.2d at 695 (emphasis in original). Thus, the reasoning behind *Margolis* would obtain, and a bankruptcy court could "look beyond a state court default judgment[,] where the judgment was procured by collusion or fraud, ... or where the rendering court lacked jurisdiction." *Id.* at 694 (citations omitted).

Turning to the case at bar, this Court agrees with Judge Goetz that the Bankruptcy Court was not in a position to look beyond the state court default under the facts presented. Appellant clearly had the opportunity to appear in the state court action and raise the usury defense, and it is to be noted that the record does not conclusively show a fraud upon the state court. Moreover, even where it appears that there is a doubtful basis for the prevailing state court claim, the *Kelleran* court ruled that the attack on such a judgment should be made in state court, since "[b]ankruptcy proceedings may not be used to relitigate issues already resolved in a court of competent jurisdiction." *Id.* at 695 (citation omitted); *see also, In re Lady Liberty Tavern Corp.,* 94 B.R. 812, 814–16 (S.D.N.Y.1988); *In re Cohen,* 92 B.R. 54, 59 (Bkrtcy.S.D.N.Y.1988). Applying the reasoning of the authority cited above to the appeal herein, and noting that the New York State courts give preclusive effect to default judgments, *see e.g., Tantillo v. Giglio,* 156 A.D.2d 664, 549 N.Y.S.2d 432, 433 (2d Dep't 1989), the opinion of the Bankruptcy Court herein must be affirmed.

## CONCLUSION

For the reasons stated above, the Order of United States Bankruptcy Judge Cecelia H. Goetz in the above-referenced appeal is affirmed. The Clerk of the Court is directed to close the file in this case.

SO ORDERED.

---

1. Appellee's statement of the issue presented incorrectly frames the inquiry as whether the Bankruptcy Court was clearly erroneous when it determined that the state court judgment was binding on it; this raises an issue of law which must be independently determined.