■

In re Joseph John CALANDRIELLO and Loretta Calandriello, Debtors.

UNION SAVINGS BANK OF FLORIDA, Appellant,

v.

### ORDER

■

OB/GYN SOLUTIONS, L.C., Appellant,

v.

Richard SIX, Appellee.

Nos. 94–948–CIV–T–17, 94–1155–CIV–T–17 and 94–1401–CIV–T–17. Bankruptcy Nos. 93–4711–8P1, 93–1477–8P1.

United States District Court, M.D. Florida, Tampa Division.

Nov. 14, 1994.

Bankruptcy Court of the Middle District of Florida denying Appellant's Motion for Summary Judgment and disallowing Claim No. 12 of Appellant. (Dkt. Nos. 14, 15, 16).

## BACKGROUND

The following facts are relevant to the issues raised in this appeal. Ob/Gyn Solutions, L.C. (Ob/Gyn)'s proof of claim in this bankruptcy case is based on a final judgment in favor of Fort Brooke Bank (Fort Brooke) and against Richard Six, and others, in the amount of $1,838,196.02. The judgment was assigned to the Appellant and the Appellant levied against certain shares of stock owned by the debtor Six in Drs. Sheer, Ahearn & Associates, Inc. The sheriff took possession of the shares of stock, where the stock remains based on a Stay of Execution obtained by Mr. Six in the state court.

The Appellant filed a claim in the bankruptcy of Mr. Six and asserted that the claim was partially secured by the perfected lien on the stock being held by the sheriff. The debtor objected to the claim and filed an adversary proceeding claiming that the assigned judgment should be deemed satisfied.

The bankruptcy court, on May 2, 1994, entered an order, which is the subject of this appeal. The court found that equity required the crediting of the fair market value of certain property, which the Appellant had purchased from Fort Brooke along with the assigned judgment, against the judgment the Appellant seeks to collect on in the bankruptcy case. After determining the fair market value of the property to be in excess of the judgment, the bankruptcy judge denied the claim of the Appellant and found that the judgment it held had been satisfied.

The Appellant filed an appeal from the final order disallowing Appellant's claim number twelve (12). (Case No. 94–948–CIV–T–17). The Appellant also brought an interlocutory appeal, on August 9, 1994, from the bankruptcy court's order denying the Appellant's Motion for Summary Judgment. (Case No. 94–1155–CIV–T–17). This Court granted the Appellant's Motion for Leave to File Interlocutory Appeal and, because of the intricate relationship between the issues in the

Lee Statton Damsker, Maney, Damsker, Harris & Jones, P.A., Tampa, FL, for appellant.

Jay Barry Verona, Stolba, Verona & McEwen, P.A., St. Petersburg, FL, for appellee.

### *ORDER ON APPEAL*

KOVACHEVICH, District Judge.

This cause comes before the Court on appeal from the orders of the United States

two cases, consolidated the interlocutory appeal and the plenary appeal for all purposes. (Dkt. No. 11).

The Appellant, on July 27, 1994, filed a "Motion for Stay Pending Appeal and Request for Expedited Consideration". (Dkt. No. 6, Case No. 94–1155–CIV–T–17). The Court, in denying the Appellant's motion, previously examined thoroughly, the facts and issues which are relevant in this appeal. (Dkt. No. 12).

On September 7, 1994, the Appellant filed a Motion for Leave to Appeal the bankruptcy court's order of "Partial Summary Judgment as to Counts I, II, and III of the Plaintiff's Second Amended Complaint". This Court granted the Appellant's Motion to Leave for Appeal and ordered that the case be consolidated with Case No. 94–948–CIV–T–17 and Case No. 94–1155–CIV–T–17 due to the closely related nature of the issues on appeal in the three cases.

Based on the rulings of the bankruptcy court, the Appellant maintains that the Debtor has requested the stock being held by the sheriff be turned over to the debtor-in-possession. The Appellant asserts that if that is accomplished it will be irreparably harmed by the loss of its perfected lien on the stock. The Appellant seeks to have this Court reverse the rulings of the bankruptcy court. (Dkt. Nos. 14, 15, 16).

## DISCUSSION

The issue which arises from this appeal is whether the bankruptcy court properly exercised its equitable authority in its May 2, 1994, order. This Court finds that the bankruptcy court was correct in its rulings and, for the reasons stated below, **affirms** the decision of the bankruptcy court.

The bankruptcy court has broad equitable powers to inquire into the validity of any claim. *Pepper v. Litton*, 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939). In accordance with this broad power, the bankruptcy court may adjust claims to avoid injustice or unfairness. *Matter of Saybrook Mfg. Co., Inc.*, 963 F.2d 1490, 1495 (11th Cir.1992). In fact, "the mere fact that a claim has been reduced to judgment does not

prevent such an inquiry." *Pepper*, 308 U.S. at 305, 60 S.Ct. at 244. Furthermore, the bankruptcy court's broad equitable powers are not limited to cases where a judgment has been obtained through fraud or collusion. *Pepper*, 308 U.S. 295, 60 S.Ct. 238.

In addition, the Court agrees with the Appellee's assertion that the Appellant has misread *Kelleran v. Andrijevic*, 825 F.2d 692 (2nd Cir.1987). The Second Circuit held in *Kelleran* that all federal courts should give preclusive effect to state court judgments if the state court from which the judgments emerged would do the same. *Kelleran*, 825 F.2d at 694. The Second Circuit's holding in *Kelleran* is only of persuasive value to this Court.

The Court agrees with the Appellee, however, that here, under the holding in *Kelleran*, the doctrine of res judicata should not be applied. Under Florida law, the doctrine of res judicata should not be applied where it would defeat the ends of justice. *Flesche v. Interstate Warehouse*, 411 So.2d 919 (Fla. 1st DCA 1982).

The bankruptcy court was correct in not giving preclusive effect to the state court judgment. If the bankruptcy court had granted the Appellant's claim in its order, the Appellant would have obtained a windfall and injustice would have resulted. By not applying res judicata, the bankruptcy court avoided this injustice. Accordingly, it is

**ORDERED** that the order denying the Appellant's Motion for Summary Judgment and disallowing Claim No. 12 of the Appellant is **affirmed** and the Clerk of the Court be **directed** to enter judgment for the Appellee on all three (3) appeals involved herein.