■ IRENE BOHEME, Formerly Known as IRENE GOLDFARB, Appellant, v KATHRYN GOLDFARB, Individually and as Executrix of LEONARD GOLDFARB, Deceased, Respondent. [623 NYS2d 454] —Judgment unanimously reversed on the law with costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff and her former husband, Leonard Goldfarb, jointly owned real property in Canada. Pursuant to their separation agreement, which was incorporated into their divorce decree, Leonard was to pay the taxes on that property until it could be sold and the proceeds were then to be divided equally. Leonard failed to pay the taxes and the property was sold at auction by the Canadian government. A check for the proceeds was sent to Leonard. It was cashed by his widow, defendant, Kathryn Goldfarb.

Plaintiff commenced this action against defendant, individually and as executrix of Leonard's last will and testament, to recover damages for breach of the separation agreement and conversion. In a prior proceeding, Supreme Court had ordered defendant's answer and counterclaim stricken on the ground that defendant willfully failed to comply with an order direct-

ing the production of documents, granted plaintiff judgment for damages on the causes of action alleged in the complaint, and ordered an inquest to assess damages. At the conclusion of the inquest, the court dismissed the complaint for failure to sustain plaintiff's burden of proof. Plaintiff appeals from that judgment.

The court erroneously concluded that plaintiff failed to sustain her burden of proving that a tax sale occurred and that the check received by defendant from the Province of Quebec in the sum of $9,808.27 represented the net proceeds of that sale. Those allegations in plaintiff's complaint relating to liability were deemed admitted when defendant's answer was stricken (see, Rokina Opt. Co. v Camera King, 63 NY2d 728, 730). The court also erred in refusing to admit into evidence a copy of the check received from the Canadian government. Therefore, plaintiff is entitled to judgment in the amount of one half of the proceeds of the tax sale ($4,904.14) together with interest, costs and disbursements. We remit the matter to Supreme Court to determine the date of conversion for purposes of establishing the correct foreign currency exchange rate and the date from which interest at the statutory rate must be awarded (see, CPLR 5001 [a]; 5004) and to grant judgment in favor of plaintiff accordingly. (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.—Breach of Contract.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.