■ MANCHESTER TECHNOLOGIES, INC., Formerly Known as MANCHESTER EQUIPMENT CO., INC., Respondent, v DIDATA (NY) INC., Doing Business as DAILY BUSINESS PRODUCTS, INC., Appellant. [757 NYS2d 439] —In an action to recover damages for breach of a stipulation of settlement, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated May 15, 2002, as denied its motion for summary judgment, with leave to renew upon the completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

"While the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact" (*Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880 [1985]; *Reiner v Wenig,* 269 AD2d 379 [2000]). The stipulation which is the subject of this action is ambiguous and subject to different interpretations. Since the defendant's motion was made before discovery was completed, the Supreme Court properly denied its motion for summary judgment with leave to renew upon the completion of discovery (*see Plaza Invs. v Kim,* 208 AD2d 704 [1994]). Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.