■ NORMAN BOBROW & CO., INC., Appellant, v THEORY, LLC, et al., Respondents. [857 NYS2d 541]—

Order, Supreme Court, New York County (Louis B. York, J.), entered July 24, 2007, which denied plaintiff's motion for summary judgment on his second cause of action, and granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, defendants' motion denied, the complaint reinstated and otherwise affirmed, without costs.

The parties entered into an agreement that provided for plaintiff to act as defendants' exclusive broker for real estate transactions in New York until December 31, 2004. The agreement stated, "Upon and after the termination of this agreement, [defendants] shall recognize [plaintiff] as broker for any buildings or spaces to which [defendants] were introduced by [plaintiff] for a period of twenty-four (24) months after the termination of this agreement." After the ownership of defendants changed, the new owner terminated the agreement before December 31, 2004, and leased space without using plaintiff's services. On the parties' motions for summary judgment, the court held that the language of the agreement demonstrated the parties' intent to permit the agreement to be terminated before December 31, 2004, and granted defendants' motion on the ground that the new owner sent a termination notice before the lease was signed.

There are, as the motion court found, numerous issues of fact that preclude summary judgment in plaintiff's favor. However, it is not at all clear that the exclusive brokerage agreement permitted termination before December 31, 2004. Further, plaintiff's president testified that the agreement was not terminable before December 31, 2004, and that the intent of the parties was to protect him after that date in the event defendants entered into a transaction that he had introduced. This reasonable alternative construction of the agreement precludes summary judgment in defendants' favor as well (see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880-881 [1985]; Yanuck v Paston & Sons Agency, 209 AD2d 207 [1994]). Concur—Lippman, P.J., Saxe, Buckley and Acosta, JJ. [See 2007 NY Slip Op 32258(U).]