Good Gateway, LLC v Thakkar (2018 NY Slip Op 05125)





Good Gateway, LLC v Thakkar


2018 NY Slip Op 05125


Decided on July 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018

Friedman, J.P., Gische, Kahn, Singh, Moulton, JJ.


7097N 160660/16

[*1] Good Gateway, LLC, et al., Plaintiffs-Appellants,
v
Rohan Thakkar, Defendant-Respondent.


Strassberg & Strassberg, P.C., New York (Todd Strassberg of counsel), for appellants.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered January 10, 2018, which denied plaintiffs' motion for a default judgment setting aside a loan forgiveness document and awarding them $2,720,849.63 against defendant, unanimously modified, on the law, to grant the motion to the extent of setting aside the loan forgiveness document, and to remand the matter for a hearing on the appropriate remedy, and otherwise affirmed, without costs.
Plaintiffs allege, and submitted proof demonstrating, that they obtained final judgments in the total amount of $14.5 million against defendant's father, Chittranjan Thakkar, in a lawsuit in Florida; that, during the pendency of the Florida lawsuit, Chittranjan executed a document in Florida forgiving a debt in the amount of $2,720,849.63 that was owed to him by defendant, without receiving any consideration in return; and that Chittranjan has not paid any part of the judgments entered against him. Under Florida law, this evidence is sufficient to raise a rebuttable presumption that Chittranjan's forgiveness of his son's debt was a conveyance made with actual intent to hinder or delay creditors, including plaintiffs (see General Elec. Co. v Chuly Intl., LLC , 118 So 3d 325, 328 [Fla Dist Ct App 2013]; Fla Stat § 726.105 [2013]). If New York law were applied, the loan forgiveness would also be constructively fraudulent (see Debtor and Creditor Law § 273-a), since there was a transfer for no consideration after the commencement of the action in which the unsatisfied judgments were entered (see Garden City Co. v Kassover , 251 AD2d 9 [1st Dept 1998], lv dismissed 93 NY2d 848 [1999]).
Having defaulted, defendant "admit[ted] all traversable allegations in the complaint, including the basic allegation of liability, but [did] not admit [plaintiffs'] conclusion as to damages" (Rokina Opt. Co. v Camera King , 63 NY2d 728, 730 [1984]; see also Woodson v Mendon Leasing Corp. , 100 NY2d 62, 71 [2003]). Thus, plaintiffs are entitled to the entry of a judgment setting aside the loan forgiveness and reinstating defendant's debt to Chittranjan, the judgment debtor. Under Florida law, plaintiffs are further entitled to judgment for the "value of the asset transferred," to the extent that value is less than the value of their claims (see McCalla v E.C. Kenyon Constr. Co., Inc. , 183 So 3d 1192, 1194—95 [Fla Dist Ct App 2016]; Fla Stat § [*2]726.109[2]). Since the terms of the forgiven loan are not before us, we are unable to determine the value of the loan or otherwise fashion an appropriate remedy. Accordingly, the matter is remanded for an inquest.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 10, 2018
CLERK