**Grace Med. Health Provider, P.C. v AM Trust Ins. Co. of Kan., Inc.**

2026 NY Slip Op 30627(U)

February 27, 2026

Civil Court of the City of New York, Kings County

Docket Number: Index No. CV-746864-22/KI

Judge: Sandra E. Roper

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS                    PART    41

_____

GRACE MEDICAL HEALTH PROVIDER, P.C.,    Index No. CV-746864-22/KI
A/A/O HILL, KATRICE

                                        Motion Cal. # 3 Motion Seq. # 1+2

                    *Plaintiff*,
                                        **DECISION AND ORDER**

                                        Recitation, as required by CPLR § 2219(a) of the
                                        papers considered in review of this Motion:

        -against-
                                        **Papers:**

                                        Notice of P's Motion for Default and Exhibits ….1-2
AM TRUST INS. CO. OF KANSAS, INC.       Notice of D's Motion to Dismiss and Exhibits…. 2-3
                                        Court Order dated July 2, 2025 …………..…...4

                    *Defendant*.

_____


Upon reading and filing the papers submitted on Plaintiff's motion for Default Judgment and
Defendant's motion to dismiss that was being converted in opposition, and after oral argument, it
is hereby decided as follows:

BACKGROUND

Plaintiff commenced this action against Defendant AMTRUST INSURANCE COMPANY OF
KANSAS, INC. ("Defendant") and served the summons and complaint upon Defendant on
January 6, 2023 (see NYSCEF Doc. No. 2). Although Defendant failed to serve an answer and
appear timely, Defendant did however serve Answer on behalf of named Defendant AMTRUST
INSURANCE COMPANY OF KANSAS, INC. on April 06, 2023.

Plaintiff thereafter moved for a default judgment pursuant to CPLR 3215 (see NYSCEF Doc. No.
6). On March 11, 2025, Defendant (through counsel) filed a separate motion on behalf of named
defendant AM TRUST INS. CO. OF KANSAS, INC. seeking dismissal and/or a stay of entry of
default and other relief (see NYSCEF Doc. No. 9, et seq.). By Scheduling Order dated July 2,
2025, this Court directed Plaintiff to correct their motion for Default judgment by uploading
attorney affirmation in support of motion for Default Judgment and converted Defendant's
separate motion to dismiss and/or stay entry of default in opposition to Plaintiff's motion for a
default judgment pursuant to the "such other and further relief" language in Plaintiff's notice of
motion, and scheduled both motions for argument on February 26, 2026.

LEGAL STANDARDS

A plaintiff seeking a default judgment must submit proof of service of the summons and complaint,
proof of the defendant's default, and "proof by affidavit made by the party of the facts constituting

the claim." N.Y. C.P.L.R. 3215(f). A verified complaint may serve as the required affidavit of merit when properly served. Woodson v. Mendon Leasing Corp., 100 N.Y.2d 62, 70–71 (2003).

A defaulting defendant is deemed to admit the "traversable allegations" of the complaint, including liability, though the court must still be satisfied that the papers establish a viable claim. Rokina Optical Co. v. Camera King, Inc., 63 N.Y.2d 728, 730 (1984); Woodson, 100 N.Y.2d at 70–71.

Where a defendant seeks to defeat a default (including by seeking leave to compel acceptance of a late answer or vacatur of default), the defendant must generally establish both (i) a reasonable excuse for the default and (ii) a potentially meritorious defense. Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber Co., 67 N.Y.2d 138, 141 (1986); see also N.Y. C.P.L.R. 3012(d); N.Y. C.P.L.R. 5015(a)(1); N.Y. C.P.L.R. 2004. Further, CPLR 3211(e) provides that certain objections and defenses—including personal jurisdiction defenses under CPLR 3211(a)(8)—may be waived if not timely raised as prescribed by statute. N.Y. C.P.L.R. 3211(e).

DISCUSSION

The affidavit of service submitted by Plaintiff establishes that the Summons and Complaint were served upon CSC at 80 State Street, Albany NY 12207.

To establish a "reasonable excuse" Defendant has argued that the summons and complaint were served upon the "wrong agent," as United Agent Group Inc. has been authorized agent for Service of Process since March 31, 2022, which is supported by New York State Department of State Division of Corporations website. To the extent Defendant relies on printouts from New York State Department of State, Division of Corporations website and has argued that United Agent Group Inc was the authorized agent when Summons and Complaint were served upon the Defendant, Defendant has asked to take judicial notice of these printout and information available on New York State Department of State Division of Corporations website regarding the agent information available.

However, Defendant's papers rely primarily on arguments and entity filings pertaining to AmTrust Financial Services, Inc., which is not the named Defendant in this action. Rather, Defendant argues that the named Defendant AMTRUST INSURANCE COMPANY OF KANSAS, INC. is a subsidiary of Amtrust Financial Inc. yet fails to proffer admissible proof to corroborate same. Further, Defendant introduced another insurer entity, New York Marine General as it argued its meritorious defense. Defendant argued that its issued insurance policy was cancelled at the request of the insured a month before the accident occurred and New York Marine General is the "Subsequent Intervening" insurance carrier for the subject accident. Nevertheless, herein it is a failure of proof of Defendant's reasonable excuse argument to establish privity between named defendant AMTRUST INSURANCE COMPANY OF KANSAS INC. and Amtrust Financial Services Inc. As such, Defendant has failed to establish its reasonable excuse for the Default. Thus, Defendant's failure to establish reasonable excuse obviates deliberation of its meritorious defense argument.

It is hereby:

ORDERED that Plaintiff's motion for a default judgment pursuant to CPLR 3215 is GRANTED; and it is further

ORDERED that Defendant's request for dismissal is denied as affirmative relief cannot be granted in opposition papers; and it is further

ORDERED that Defendant's request to dismiss and/or stay entry of default and compel acceptance of a late answer (treated as opposition to Plaintiff's default motion) is DENIED in its entirety; and it is further

ORDERED that the Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount set forth in Plaintiff's moving papers (together with statutory interest, costs, and disbursements and attorney's fees, as are awardable by law).

This constitutes the Decision and Order of this Court.

*Undersigned attorneys certify that none of the cases cited within this case or this motion were found using, in any capacity, generative artificial intelligence.*

Counsel for Plaintiff – Printed Name and Initials:     Richard Rozhik, Esq/RR

Counsel for Defendant – Printed Name and Initials:   Ali Jalal, Esq. /AJ

_____February 27, 2026_____
**DATE**

_____
**HON. SANDRA E. ROPER**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| MOTION SEQ. #:1 | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| MOTION SEQ #2: | | | X | DENIED | | | |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | SUBMIT ORDER | | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| NOTES | | | | | | |